IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAILLIARD L. KING,

     Plaintiff,                    No. CIV-S-09-2723 KJM P

   vs.

J. W. HAVILAND,

     Defendant.             <u>ORDER</u>

                              /

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be

1

collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint is almost 500 pages long with exhibits. He names approximately 50 defendants. Most of the information in the complaint is irrelevant to the issue of whether plaintiff states a claim upon which this court can grant relief. Simply put, the complaint is not short and plain as required by Federal Rule of Civil Procedure 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claims plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

Because plaintiff's complaint does not satisfy Rule 8, it will be dismissed. The court will however grant plaintiff leave to file an amended complaint. In his amended complaint, plaintiff must:

1. State the elements of his claims plainly and succinctly. Id. Plaintiff shall state his claims and the facts in support of those claims only one time. Basically, the complaint should be limited to facts that support a claim (including identification of the person who violated plaintiff's rights), the identification of the claim itself (e.g., violation of the Eighth Amendment) and a request for relief.

2. Limit the text to only that which demonstrates how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

3. Omit vague and conclusory allegations of official participation in civil rights violations. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

/////

4. Not include any frivolous claims (claims with no valid legal basis) and not cite any irrelevant statutes or case law.

5. Limit exhibits to those which are necessary to clarify points raised in the amended complaint.  As a general rule, it is not necessary or appropriate to attach exhibits to a complaint.

6. Adhere to the Federal Rules of Civil Procedure and the Local Rules of this court.

If plaintiff chooses to amend the complaint, plaintiff also must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff fails to comply with any of the foregoing with respect to his amended complaint, this action will be dismissed.

/////

/////

/////

3

1     The court notes plaintiff has filed several requests for preliminary injunctive
2 relief. Because the court at this point has no jurisdiction in this action over anybody other than
3 plaintiff, and none of the requests provide sufficient support for the court to conclude plaintiff is
4 eligible for immediate relief, all of those requests will be denied without prejudice.
5     Finally, plaintiff has filed a motion that this matter be transferred to the United
6 States District Court for the Northern District of California. This motion will be denied without
7 prejudice to renewal with the filing of an amended complaint. Plaintiff is warned however that if
8 he files a motion for transfer, or any other motion for that matter, it must not be frivolous. In
9 other words, the motion must have some valid legal basis. If plaintiff files frivolous motions
10 repeatedly, this action will be dismissed.
11     In accordance with the above, IT IS HEREBY ORDERED that:
12     1. Plaintiff's request for leave to proceed in forma pauperis is granted.
13     2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
14 The fee shall be collected and paid in accordance with this court's order to the Director of the
15 California Department of Corrections and Rehabilitation filed concurrently herewith.
16     3. Plaintiff's complaint is dismissed.
17     4. Plaintiff is granted thirty days from the date of service of this order to file an
18 amended complaint that complies with this order, the requirements of the Civil Rights Act, the
19 Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must
20 bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff
21 must file an original and two copies of the amended complaint; failure to file an amended
22 complaint in accordance with this order will result in a recommendation that this action be
23 dismissed.
24     5. All of plaintiff's requests for injunctive relief including requests filed on
25 September 22, 2009 (Docket No. 1); October 5, 2009 (Docket No. 9) and November 17, 2009
26 (Docket No. 19) are denied.

      6. Plaintiff's October 6, 2009 motion for transfer (Docket No. 13) is denied without prejudice to renewal with plaintiff's amended complaint.

DATED: June 4, 2010.

_____
U.S. MAGISTRATE JUDGE

1/king2723.14(12.23.09)